## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

VIRGINIA ARCHER,

    *Plaintiff*,

v.

OFFICER C. ORR #19441, individually and in his official capacity as a public safety officer; OFFICER D. GRIMM #18904, individually and in his official capacity as a public safety officer; CITY OF MESA, a political subdivision of the State of Arizona.

    *Defendants*.

_____/

Case No.

Hon.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Virginia Archer by and through her attorneys, and for her complaint against Defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. This civil action is filed under 42 U.S.C. § 1983 and/or Arizona law for recovery for deprivation of Plaintiff's rights.

2. Plaintiffs sue the Defendants in their individual capacities, as well as in their official capacities as Officers of the Mesa Police Department.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is found upon 28 U.S.C. § 1331 and 1343 and/or 1367.

5. Venue is proper under 28 U.S.C. § 1391(b) as Plaintiff and Defendants are residents of Maricopa, County, Arizona and the complained of acts were committed by Defendants within Maricopa County, Arizona.

## PARTIES

6. Plaintiff Virginia Lee Archer ("Ms. Archer" or "Plaintiff"), is an 84-year-old, law-abiding citizen of the United States, and at all relevant times was a resident of Maricopa County, Arizona.

7. Officer C. Orr #19441 ("Orr ") was at all relevant times a police officer in the Mesa Police Department, State of Arizona, and is a duly sworn police officer of said department, acting under the supervision of said department and per his official duties. Officer Orr #19441 is being sued in his individual capacity and official capacity.

8. Officer D. Grimm #18904 ("Grimm") was at all relevant times a police officer in the Mesa Police Department, State of Arizona, and is a duly sworn police officer of said department, acting under the supervision of said department and per his official duties. Officer Grimm #18904 is being sued in his individual capacity and official capacity.

9. Defendant City of Mesa acting through the Mesa Police Department acts under the color of State law, and is a person for the purposes of a 42 U.S.C. § 1983 action.

## COLOR OF STATE LAW

10. At all times, relevant herein, Defendant Officers, were acting under the color of state law.

11. Particularly, Defendant Officers acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of City of Mesa.

12. Each and all the acts of the Defendant alleged herein were committed by said Defendants while acting within the scope of their employment by the Mesa Police Department.

13. Defendants' complained of actions were done knowingly, intentionally, wantonly, maliciously, recklessly, and through gross negligence and deliberate indifference.

14. Defendants are not entitled to claim immunity because they have not acted in good faith.

## FACTUAL BACKGROUND

15. On February 14, 2018, Ms. Archer, an 84 years elderly infirmed woman, was subjected to unlawful arrest as well as excessive, brutal and completely unnecessary force, by the Mesa Police Department Officers, specifically by Officer Orr and Defendant Grimm ("Defendant Officers," collectively), for no lawful reason.

16. Around 6:00 p.m., Ms. Archer was inside her residence at 1767 E. Indigo Street in Mesa Arizona, when Defendants arrived in response to a wellness check of an alleged attempted suicide of Plaintiff's grandson, Andrew Hahn, who resided with Plaintiff.

17. Defendants surrounded Plaintiff's residence with lethal weapons, when Andrew, who was inside of his car, exited the car and got out of sight of Defendant Officers by entering the residence.

18. At the time of the incident, Andrew showed no signs of violence or threat to Defendants. In fact, he was simply depressed due to marital problems.
19. Several minutes later, Ms. Archer exited the front door of her residence and was ordered to walk toward the Defendant Officers.
20. When Plaintiff approached Defendant Officers, Defendant Officer Grimm grabbed onto her right arm but it was not a firm grip and as he walked, he lost his grip since she did not walk with him. Defendant Orr then grabbed Plaintiff by her left arm, spun her around, and threw her down to the ground face-first.
21. At no time leading to Orr's actions did Plaintiff resist the officers, and certainly not to the extent that Orr's response and use of force was necessary.
22. Plaintiff hit the ground so forcefully that she momentarily lost unconscious.
23. While Plaintiff was on the pavement, Defendant Officer Orr proceeded to painfully twist and pull Plaintiff's wrists and arms to handcuff her, while Defendant Grimm pulled her right arm behind her back and assisted Orr with handcuffing Plaintiff.
24. Plaintiff had done nothing to warrant a lawful detention or lawful arrest.
25. Defendants did not have reasonable suspicion or probable cause that Plaintiff was engaged in criminal activity, and there was no other lawful basis to detain or arrest her.
26. The aforementioned acts happened despite Plaintiff committing no crime and without any objectively reasonable suspicion or probable cause to believe that Plaintiff was armed, involved in any crime or posed an objectively reasonable

threat of death or serious bodily harm to Defendant Officers, who were armed, trained, and significantly stronger than Plaintiff.

27. At this point, Ms. Archer was in the Defendants' custody, and she was interrogated by Defendants and others and was not free to leave.

28. Ms. Archer repeatedly asked the officers why they acted that way?

29. Ms. Archer requested, in several occasions, to be to uncuffed and that the cuffs were causing her pain and discomfort.

30. There was no lawful basis to keep her handcuffed once they had her under control, yet they kept her handcuffed for an extended period of time – at least fifteen minutes and while she was being examined by the medics.

31. Ms. Archer also warned Defendant Officers about her vulnerability of suffering strokes in stressful situations, given a previous stroke that she had recently suffered, but they still kept her handcuffed for no lawful reason.

32. Despite Defendant Officers' knowledge of Plaintiff's medical conditions and the bloody lacerations on her face, Defendant Officers at no time complied with Plaintiff's requests or offered her any medical attention. In fact, they ignored Plaintiff's pleas completely and continued badgering her with questions, causing her additional distress, humiliation and pain.

33. Officers had to request an ambulance, given the dangerous injuries that Ms. Archer suffered at the hands of Defendant Officers.

34. Ms. Archer was then transported to Banner Desert Medical Center since the contusions on her forehead required further medical assistance.

35. Defendant Orr issued a citation to Ms. Archer for obstruction of justice, despite his knowledge that she had no committed such offense. Orr did this to attempt to justify his unlawful use of force on her.

36. Defendant Orr's and Defendant Grimm's actions were uncalled for, and they knew it immediately. Since they knew they were wrong, they attempted to justify their actions by lying to multiple people that Plaintiff was being combative and/or "not following directions at all."

37. Defendant Orr even told the hospital personnel that Plaintiff was hostile and "kicking" them. This was a lie and Orr knew it. Orr lied to the hostile staff so that Plaintiff's medical records would indicate that Plaintiff was being violent towards the police. This was calculatingly done so that, in attempted justification of his use of force against Plaintiff, Orr could point to medical records, and also the charging of, and he hoped conviction for, a criminal charge involving violence towards the police.

38. As result of Defendant Officer Orr's excessive force, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries.

39. The defendant City at all pertinent times had a duty to Plaintiff to ensure that its officers were adequately trained and supervised for the duties they were charged with fulfilling.

40. Defendant City, through deliberate indifference, failed to ensure these officers were adequality trained and they therefore predictably caused the complained of injuries to Plaintiff.

41. Plaintiff suffered harm as a result of the defendants' actions.

**COUNT I**
**UNLAWFUL DETENTION/ARREST UNDER 42 U.S.C. § 1983**
**(AGAINST DEFENDANTS ORR AND GRIMM)**

42. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

43. Police officers are prohibited from effectuating a detainment unless probable cause or reasonable suspicion exists that the person committed a crime, or if there is some other lawful basis to do so.

44. Police officers are prohibited from effectuating an arrest unless probable cause exists that the person committed a crime.

45. At all pertinent times, Plaintiff had a constitutionally afforded right to be free from unlawful detentions and arrests.

46. Plaintiff's detention was unlawful because Plaintiff committed no crime and Defendant Officers had no objective reasonable suspicion or probable clause that Plaintiff committed any crime, nor did they have any other lawful basis to detain or arrest Plaintiff.

47. Defendant Officers unreasonably, painfully, unjustifiably, degradingly, and harmfully handcuffed Plaintiff and kept her in handcuffs whereby she was harmed mentally, physically and/or emotionally and detained for an unreasonably lengthy amount of time and/or manner.

48. Plaintiff was not free to leave.

49. Plaintiff was detained and/or arrested without lawful basis.

50. Plaintiff suffered harm as a result of Defendants' actions.

## COUNT II
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## (AGAINST DEFENDANT OFFICER ORR)

51. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

52. Police officers are prohibited from using more force than necessary to effectuate an arrest or detention.

53. Defendant Officer Orr used excessive force against Plaintiff without any reasonable suspicion or probable cause to believe that Plaintiff was armed or involved in any crime or posed an objectively reasonable threat of death or serious bodily harm to the officers.

54. Specifically, Defendant Officer Orr grabbed, twisted, and threw Plaintiff to the ground, which was more force than necessary to effectuate an arrest or detention of Plaintiff, an 84-year old woman.

55. Subsequently, Defendant Officer Orr handcuffed Plaintiff more tightly than necessary to effectuate an arrest. The handcuffs were so tight that Plaintiff repeatedly asked for them to be loosened, to no avail.

56. As result of said excessive force, Plaintiff sustained serious injuries.

57. The excessive use of force deprived Plaintiff of her right to be secure in her person against excessive force by state actors.

58. The conduct of the Defendant Officer Orr was objectively unreasonable, willful, wanton, malicious, and in reckless disregard of the rights and safety of Plaintiff, especially because Plaintiff was unarmed, did not physically or verbally threaten the officers with any physical harm, did not commit any

crime, was not fleeing or attempting to flee, was not physically or actively resisting to Defendants' orders, and was an 84-year old woman.

59. This heinous thug-like conduct against such an elderly woman is all the more wanton in nature.

60. Defendant Orr's actions were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries.

61. Plaintiff suffered as a harm as a result of Orr's actions.

## COUNT III
## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1986
## (AGAINST DEFENDANT GRIMM)

62. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

63. Defendant Grimm was present, observed, and/or otherwise was aware or that Plaintiff was being subjected to excessive force and the deprivation of rights alleged herein at the hands of Defendant Orr.

64. Defendant Grimm was standing within a foot or two of Plaintiff and Defendant Orr when Defendant Orr attacked Plaintiff and Defendant Grimm had a duty to prevent and/or intervene to prevent Plaintiff from being subjected to excessive force and the deprivation of rights alleged herein.

65. Instead, Defendant Grimm assisted Defendant Orr by pulling Plaintiff's arm around for handcuffing, leaving Plaintiff face-down on the street underneath Defendant Orr.

66. Defendant Grimm, being close enough to be able to assist with the unlawful arrest of Plaintiff, was certainly close enough and had both the ability and

opportunity to intervene in Orr's attack on Plaintiff, but Defendant Grimm to not intervene thereby allowing Defendant Orr to unlawfully cause pain and suffering to Plaintiff.

67. The aforementioned acts and omissions of Defendants, and each of them, were willful, malicious and oppressive, without legal justification or legal authority.

68. Plaintiff suffered harm as a result.

## COUNT IV
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1986
## (AGAINST DEFENDANT ORR)

69. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

70. Defendant Orr charged Plaintiff with the crime of Obstruction.

71. Specifically, Defendant cited Plaintiff with a ticket charging her with violating an Arizona statue, 13-2402A1, which states:

> A person commits obstructing governmental operations if, by using or threatening to use violence or physical force, such person knowingly obstructs, impairs or hinders: The performance of a governmental function by a public servant acting under color of his official authority.

72. Defendant Orr charged Plaintiff with this crime not because he had good faith probable cause or belief that she committed a crime, but as an attempt to justify his attack on her.

73. Nothing that happened could possibly have given Defendant Orr a good faith basis to have probable cause that Plaintiff:

(a) Obstructed any government operation in any way; or

(b) Plaintiff used any force or violence or threat thereof at any time; or

(c) Plaintiff in any way hindered, impaired, or obstructed the performance of any government function.

74. Defendant Orr prosecuted Plaintiff with malice and without probable cause, and for the purpose of denying Plaintiff equal protection or protection from prosecution without probable cause.

75. This criminal action was rightfully dismissed by the prosecutor.

76. Plaintiff suffered harm as a result of Defendant Orr's actions.

## COUNT V
## MUNICIPAL LIABILITY/ RATIFICATION (42 U.S.C. § 1983)
## (AGAINST DEFENDANT CITY OF MESA)

77. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

78. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs, whether those policies and customs are written or not.

79. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant Officers, ratified the aforementioned conduct and will continue to ratify Defendants' acts and the bases for them.

80. Further, the City is liable if its failure to train and supervise its personnel is so inadequate that it amounts to deliberate indifference to the rights of Plaintiff.

81. Defendant Officers in this matter deprived Plaintiff of her constitutional rights to be free from unlawful arrest, excessive force, and malicious prosecution, as is herein described.

82. Defendant City's training and supervision policies, if in existence at all, fell woefully short thereby demonstrating deliberate indifference on the part of the City. Supporting this is the fact that as of the date of this action being filed, Mesa has done nothing by way of discipline or otherwise to Defendant Officers despite the overwhelming evidence, including video, clearly proving that Defendant Officers engaged in wrongful conduct. Mesa's failure to discipline the Defendant Officers effectively acquiesces in this unlawful conduct.

83. Upon information and belief, a final policy maker determined that Defendant Officers' unconstitutional conduct is within policy and ratified their acts alleged herein.

84. Plaintiff has suffered harm as a result.

85. Accordingly, Defendant City of Mesa is liable for the unlawful actions of Defendant Officers.

WHEREFORE, Plaintiff request that this Court enter judgment against Defendants providing the following relief:

    i. Compensatory damages in an amount to be determined by a jury; and

    ii. Punitive damages in an amount to be determined by a jury; and

    iii. Interest, costs, and attorney's fees; and

    iv. Any and all other remedies or damages allowable by law;

v. Such further other relief as the Court may deem just, proper, and appropriate.

>Respectfully submitted,
>
>Excolo Law, PLLC
>
>By: */s/ Solomon M. Radner*
>Solomon M. Radner (admitted *pro hac vice*)
>Attorney for Plaintiff
>26700 Lahser Road, Suite 401
>Southfield, Michigan 48033
>Phone: (866) 939-2656
>sradner@excololaw.com
>
>Law Offices of Conrad J. Benedetto
>
>By: */s/ Conrad J. Benedetto*
>Conrad J. Benedetto, Esquire (PA Bar # 34666)
>(*Pro Hac* Admission to be applied for)
>Attorney for Plaintiff
>1615 S. Broad Street
>Philadelphia, PA 19148
>Phone: (215) 389-1900
>cjbenedetto@benedettolaw.com

Dated: August 2, 2018