Solomon M. Radner (MI Bar No. P73653)
EXCOLO LAW, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9719
sradner@excololaw.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Virginia Archer

                                                    Case No. CV-18-2434-PHX-HRH

                    *Plaintiff,*

        v.

                                            **PLAINTIFF'S REPLY TO HER
                                              MOTION FOR SUMMARY
                                                    JUDGMENT**

Officer C. Orr; et al.,

                    *Defendants*.

_____

1

I.   DEFENDANT ORR'S USE OF FORCE WAS EXCESSIVE AND NOT
     <u>REASONABLE</u>

"Force is excessive when it is greater than is reasonable under the circumstances."

*Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002). The Ninth Circuit has held "that overly

tight application of handcuffs can, depending on the circumstances, constitute a violation

of the Fourth Amendment." *Id*. While Defendant urges this court to find his conduct

reasonable because he only caused bruising, (ECF 60, pg. 8), the Ninth Circuit has found

that merely the drawing of weapons or the use of handcuffs to be unreasonable in many

situations. *Robinson v. Solano County*, 278 F.3d 1008, 1015 (9th Cir. 2002).

Defendant Orr's use of force resulted in injuries to Plaintiff including a severely

black and blue eye socket, a contusion on her forehead, in addition to the bruises and

scrapes covering her arms. (Ex. 1; ECF # 60-7, pg. 4). Further Defendant Orr was digging

his nails into Plaintiff's wrists. (Ex. 2, Deposition Transcript of Virginia Archer, pg. 72).

The amount of force used by Defendant Orr on a nonviolent elderly woman caused severe

bruising and a trip to the hospital. While Defendant Orr's claims that he lacked knowledge

on Plaintiff's physical condition, (ECF # 60, pg. 6), the 911 "call comments [] indicated

there was an elderly and very sick female in the residence." (ECF # 58-2).

Any alleged "resistance" by Plaintiff was so minimal it does not justify the use of

force on Plaintiff. "[A] failure to fully or immediately comply with an officer's orders

neither rises to the level of active resistance nor justifies the application of a nontrivial

amount of force." *Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012) (citing *Davis

v. City of Las Vegas*, 478 F.3d 1048, 1055-56 (9th Cir. 2007) (arrestee's actions in

physically impeding the officer's search of his pockets was not active resistance); *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc) (arrestee's refusal to remove hands from pockets and his reentry of his home despite officers' orders to place hands on head and walk towards them was not active resistance)). Additionally, Officer McClure found Defendant Orr's actions to be "objectively unreasonable based on the facts and circumstances." (ECF # 58-2, pg. 7). He further explained: "Officer Orr's escalation of force, in the form of a takedown of the elderly female, would be considered significant regarding the probable risk of injury and medical complications that could arise from the injury. Absent the immediate threat to the safety of Officer Orr in the form of assaultive behavior, even imminently so, it is difficult to understand why an escalation in force would be necessary considering the significant officer/subject factors previously discussed." *Id*. at pg. 6 (factors included "age, size, number of officers, relative strength of the elderly female in comparison to the officers, skill, and injuries sustained."). Where Plaintiff was not a threat to Defendant Orr, his superiors found his force to be objectively unreasonable. When analyzing the totality of circumstances, the court should review "whatever factors may be relevant in a particular case." *Esquivel v. City of Yuma*, 2016 U.S. Dist. LEXIS 57319, at *22 (D. Ariz. Apr. 29, 2016).

Plaintiff does not dispute that violation of a departmental policy does not require constitutional liability for the officer. However, individual officers are liable if they violate clearly established law that a reasonable officer should know. *Harlow v. Fitzgerald*, 457 U.S. 731 (1982). That Defendant Orr's superiors found his conduct to be unreasonable is relevant in determining what "a reasonable officer should know." The Assistant Chief and

Commander found Defendant Orr's conduct violated the use of force policy, permitting

only a reasonable use of force. (ECF # 55-6; ECF # 55-5). Plaintiff does not need to produce

an identical case because the "principle that it is unreasonable to use significant force

against a suspect who was suspected of a minor crime, posed no apparent threat to officer

safety, and could be found not to have resisted arrest, was . . . well-established in 2001,

years before the events at issue in this case." *Cordeiro v. United States*, 639 Fed. Appx.

634, 636 (9th Cir. 2016) (quoting *Young v. County of Los Angeles*, 655 F.3d 1156, 1168

(9th Cir. 2011); *Robinson v. Solano County*, 278 F.3d 1008, 1015 (9th Cir. 2002); *Palmer*

*v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993). Defendant Orr's use of force on Plaintiff

was objectively unreasonable and therefore excessive force in violation of Plaintiff's

clearly established rights.

II.     DEFENDANT ORR UNLAWFULLY DETAINED AND ARRESTED PLAINTIFF

        Defendant Orr admitted in his deposition that he detained and arrested Plaintiff.

(ECF # 55-1, pg. 153:22-23; 34:1-3). As discussed in Plaintiff's Response to Defendants

Motion for Summary Judgment, Defendant Orr had no objective reasonable suspicion or

probable cause that Plaintiff committed a crime, nor did he have any other lawful basis to

detain/arrest her. At no point during the incident, was there probable cause to arrest or

detain Plaintiff. Further, it is clearly established that "[a]n investigatory detention is

unlawful unless supported by reasonable suspicion." *Sialoi v. City of San Diego*, 823 F.3d

1223 (9th Cir. 2016). "Although less stringent then probable cause, reasonable suspicion

nevertheless requires that officers have specific, articulable facts which, together with

objective and reasonable inferences, form the basis <u>for suspecting that the particular person</u>

detained engaged in criminal activity." (*Id*.). In determining whether a stop amounts to arrest, the court can consider "the number of police officers present." *United States v. Miles*, 247 F.3d 1009, 1013 (9th Cri. 2001).

The cases cited by Defendants are distinguishable where the factual circumstances are not sufficiently similar. Defendants did not have a search warrant, as the case in *Muehler v. Mena*, 544 U.S. 93 (2005), nor were conducting a security search at the border, as was the case in *United States v. Guzman-Padilla*, 573 F.3d 865 (9th Cir. 2009. See ECF # 60, pg. 13. In *Maxwell v. County of San Diego*, 708 F.3d 1075, 1085 (9th Cir. 2013), the Court rejected the police defendants cite to *Muehler v. Mena* which held that "an officer's authority to detain incident to a search is categorial" because the "Maxwell's detention was not incident to a search." Neither was Plaintiffs. Defendants did not have reasonable suspicion or probable cause that Plaintiff was engaged in criminal activity.

Plaintiff's slow response to the officer's calls was not resistance. *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc) (arrestee's refusal to remove hands from pockets and his reentry of his home despite officers' orders to place hands on head and walk towards them was not active resistance). Defendants cite *State v. Mason*, No. 1 CA-CR08-0256, 2009 Ariz. App. Unpub. LEXIS 488, at *8 (Ct. App. July 14, 2009), arguing that Plaintiff struggled and resisted. In *Mason*, the defendant ran away and swung a fist at the officer detaining her. Here, Defendant argues Plaintiff's wrist twist was physical force. (ECF # 60, pg. 15). No reasonable officer would have found Plaintiff's actions to be physical force obstructing a government operation. Conduct can violate clearly established law "even in novel factual circumstances," *Hope v. Pelzer*, 536 U.S.

730, 741 (2002), and "even without a body of relevant case law." *Brosseau v. Haugen*, 543

U.S. 194, 199 (2004).  Defendant Orr had no legal basis to arrest and detain Plaintiff and

as such she is entitled to summary judgment.

III.     DEFENDANT ORR MALICIOUSLY PROSECUTED PLAINTIFF

As discussed, Defendant Orr did not have probable cause to charge Plaintiff with

obstruction. The charge was dismissed. (ECF # 60, pg. 16). According to the Second

Restatement of Torts, "Criminal proceedings are instituted when (a) process is issued for

the purpose of bringing the person accused of a criminal offense before an official or

tribunal whose function is to determine whether he is guilty of the offense charged." Restat.

2d of Torts, § 654 (2nd 1979). Here, Defendant Orr charged Ms. Archer with "Obstructing

Government Operation" for the purpose of bringing her before an official or tribunal. As

such, the first two elements have been met. *Fenters v. Chevron*, 2010 U.S. Dist. LEXIS

137727, at *85 (E.D. Cal. Dec. 29, 2010) ("To prove a claim of malicious prosecution in

California, the plaintiff must prove that the underlying prosecution: '(1) was commenced

by or at the direction of the defendant and was pursued to a legal termination in his,

plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with

malice.'").

"Malice may be proved by direct evidence or may be inferred from all circumstances

in the case…Malice may, but need not necessarily, be inferred from want of probable

cause*." Id.* at *92. Defendant Orr charged Plaintiff with a crime while she was receiving

treatment at the hospital. (ECF # 55-1, pg. 125:12-14). The charge was dismissed. Where

malice may properly be inferred from want of probable cause, Plaintiff has established the

elements of malicious prosecution and requests this Court grant summary judgment in her

favor.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that

this Honorable Court GRANTS this Motion for Summary Judgment.

Respectfully Submitted,

EXCOLO LAW, PLLC

Dated: June 4, 2019

/s/ *Solomon M. Radner*
Solomon M. Radner (MI Bar No. P73653)
Attorney for Plaintiff
26700 Lahser Rd., Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **June 4, 2019** I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jason K. Reed (#022657)
CITY OF MESA ATTORNEY'S OFFICE
MS-1077
P.O. Box 1466
Mesa, Arizona  85211-1466
Telephone: (480) 644-2343
mesacityattorney@mesaaz.gov


Conrad J. Benedetto, Esq.
Law Offices of Conrad J. Benedetto
1615 S. Broad Street
Philadelphia, PA 19148
cjbenedetto@benedettolaw.com
*Attorney for Plaintiff*


      */s/ Solomon M. Radner*