IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Virginia Archer,                          )
                                          )
                Plaintiff,     )
                                          )
  vs.                                     )
                                          )
Officer C. Orr #19441, et al.,            )
                                          )  No. 2:18-cv-2434-HRH
                Defendants.    )
_____)


O R D E R

Defendant's Motion in Limine No. 1[1]

Pursuant to Rules 401 and 402, Federal Rules of Evidence, the City of Mesa moves to exclude video evidence of what occurred after Officer Orr took plaintiff to the pavement. This evidence includes video of plaintiff being handcuffed, being escorted away from the staging area, and receiving a citation. The City argues that this evidence is irrelevant.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The only remaining claim in this case is plaintiff's § 1983 claim

---

[1] Docket No. 73.

against the City based on allegations that the City failed to adequately supervise and train its officers on the use of force. In order to prevail on this claim, plaintiff must

> prove "(1) that [she] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). The court has held that "[t]he only possible constitutional violation" in this case "is that Officer Orr may have used excessive force when he took plaintiff to the pavement."[2]

While plaintiff will have to prove that Officer Orr used excessive force in order to prevail on her remaining § 1983 claim, what occurred after Officer Orr took plaintiff to the pavement has nothing to do with whether Officer Orr used excessive force. As the City points out, the video evidence of what occurred after Officer Orr took plaintiff to the pavement is largely related to plaintiff's claims for false arrest and malicious prosecution, claims which have been dismissed.[3] The video evidence of what occurred after Officer Orr took plaintiff to the pavement is irrelevant and this evidence is excluded.[4]

---

[2] Order re Cross-motions for Summary Judgment at 18, Docket No. 66.

[3] Id. at 13-16.

[4] Because this evidence is excluded as irrelevant, the court need not consider the City's alternative Rule 403 argument.

-2-

The City's motion in limine No. 1[5] is granted.

DATED at Anchorage, Alaska, this 18th day of November, 2019.

/s/ H. Russel Holland
United States District Judge

---

[5]Docket No. 73.