WO  IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Virginia Archer,  )
                  )
         Plaintiff, )
                  )
vs.              )
                  )
Officer C. Orr #19441, et al., )
                  )   No. 2:18-cv-2434-HRH
         Defendants. )
_____)

O R D E R

Defendant's Motion in Limine No. 2[1]

Pursuant to Rules 401, 402, and 403, Federal Rules of Evidence, the City of Mesa moves to exclude all evidence related to plaintiff's claims that she was maliciously prosecuted, that she was falsely arrested, that Officer Grimm failed to intervene, and that the City ratified Officer Orr's conduct. More specifically, the City seeks to exclude evidence related to "placing [p]laintiff into handcuffs, issuing her a citation, any criticism of Officer Grimm's actions, and any evidence . . . that the City committed a constitutional violation by ratifying Officer Orr's actions."[2] The City argues that this evidence is irrelevant because

---

[1]Docket No. 74.

[2]Id. at 3.

plaintiff's malicious prosecution, false arrest, failure to intervene, and ratification claims have been dismissed.³ The City also argues that any evidence related to these dismissed claims would be irrelevant because it concerns events that took place after Officer Orr took plaintiff to the pavement.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The only remaining claim in this case is plaintiff's § 1983 claim against the City of Mesa based on allegations that the City failed to adequately supervise and train its officers on the use of force. Such a claim requires plaintiff to

> prove "(1) that [she] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). The court has held that "[t]he only possible constitutional violation" in this case "is that Officer Orr may have used excessive force when he took plaintiff to the pavement."⁴ None of the evidence identified by the City in the instant motion has anything to do with whether Officer Orr used excessive force in taking plaintiff to the pavement. Nor does any of the evidence have anything to do

---

³Order re Cross-motions for Summary Judgment at 13-17, 22, Docket No. 66.

⁴Id. at 18.

with whether the City's use of force policy amounted to reckless indifference to plaintiff's constitutional rights. Thus, evidence related to "placing [p]laintiff into handcuffs, issuing her a citation, any criticism of Officer Grimm's actions, and any evidence . . . that the City committed a constitutional violation by ratifying Officer Orr's actions"[5] is irrelevant and is excluded.[6]

The City's motion in limine No. 2[7] is granted.

DATED at Anchorage, Alaska, this 18th day of November, 2019.

/s/ H. Russel Holland
United States District Judge

---

[5] Defendant's Motion in Limine No. 2 [etc.] at 3, Docket No. 74.

[6] Because this evidence is excluded as irrelevant, the court need not consider the City's alternative Rule 403 argument.

[7] Docket No. 74.