WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Virginia Archer,                          )
                                          )
                      Plaintiff,          )
                                          )
    vs.                                   )
                                          )
Officer C. Orr #19441, et al.,            )
                                          )   No. 2:18-cv-2434-HRH
                      Defendants.         )
_____)

O R D E R

Defendant's Motion in Limine No. 4[1]

The City of Mesa moves to exclude evidence that Officer Orr was suspended for ten hours without pay and had to attend ten hours of supplemental training for violating the Department's policy on the use of force.[2] The City also moves to exclude evidence that other officers who were on the scene were issued counseling memorandums and directed to review the Department's use of force policy either with or without the Training Unit.[3] And, the City seeks to exclude Officer Orr's internal affairs (IA) file.[4]

---

[1]Docket No. 76.

[2]Exhibits 1 and 2, Defendant's Motion in Limine No. 4, Docket No. 76.

[3]Exhibits 3-5, Defendant's Motion in Limine No. 4, Docket No. 76.

[4]Exhibit 8, Defendant's Motion in Limine No. 4, Docket No. 76.

The only remaining claim in this case is plaintiff's § 1983 claim against the City based on allegations that the City failed to adequately supervise and train its officers on the use of force. Such a claim requires plaintiff to

> prove "(1) that [she] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). The court has held that "[t]he only possible constitutional violation" in this case "is that Officer Orr may have used excessive force when he took plaintiff to the pavement."[5]

The City first argues that the evidence that Officer Orr violated Department policy and of the other remedial measures taken by the Department are irrelevant to whether a constitutional violation occurred because "'violation of a police departmental regulation is insufficient for liability under section 1983.'" Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 929 (9th Cir. 2001) (quoting Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995)). The City also argues that this evidence is irrelevant because it does not go to the question of whether the lack of training on the use of force was the "moving force" behind the alleged constitutional violation.

---

[5]Order re Cross-motions for Summary Judgment at 18, Docket No. 66.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence of Officer Orr's policy violation and the resulting discipline and the other remedial measures are not irrelevant in this case. Such evidence may "provide reliable insight into the policy in force at the time of the incident." Foley v. City of Lowell, Mass., 948 F.2d 10, 14 (1st Cir. 1991); see also, Henry v. County of Shasta, 132 F.3d 512, 519 (9th Cir. 1997) ("we reiterate our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry").

But even if this evidence is relevant, which it is, the City argues that it should still be excluded pursuant to Rule 403, Federal Rules of Evidence. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The City argues that if evidence that Officer Orr violated Department policy is introduced at trial, the jury may have difficulty differentiating between Department standards and the standards imposed by the Constitution. The City argues that the jury could improperly conflate these two standards and could conclude that Officer Orr violated plaintiff's constitutional rights simply because he violated Department standards.

The court is not convinced that the evidence in question would confuse or mislead the jury. The jury can be instructed as to the proper standard to apply in determining whether Officer Orr violated plaintiff's constitutional rights.

The City next argues that the evidence that Officer Orr violated Department policy and was disciplined as a result and that other officers also received discipline should be excluded pursuant to Rule 407, Federal Rules of Evidence. Rule 407 provides, in pertinent part, that "when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove[] negligence [or] culpable conduct[.]" The City cites to Maddox v. City of Los Angeles, 792 F.2d 1408 (9th Cir. 1986), in support of this argument. There, "Maddox sought to introduce evidence that during a Police Department disciplinary proceeding defendant Officer Harris admitted to violating the City policy on use of the choke hold." Id. at 1417. The Ninth Circuit found that "[t]he Internal Affairs investigation and measures taken by the defendant City were remedial measures taken after the incident" and concluded that "evidence of these proceedings was therefore properly excluded with respect to the City's liability." Id.

Similarly here, the evidence that Officer Orr violated Department policy and was disciplined as a result and evidence of the discipline other officers received are evidence of subsequent remedial measures. Thus, this evidence is excluded for the purposes of proving culpable conduct on the part of the City. But, this evidence may be admissible "for another

purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures."[6]  Fed. R. Evid. 407.

Finally, the City moves to exclude Officer Orr's IA file as irrelevant.  Officer Orr's IA file is irrelevant because it does not contain any other incidents similar to what occurred in this case and thus would not have any tendency to make a fact of consequence more or less probable.

The City's motion in limine No. 4[7] is granted in part.  Evidence that Officer Orr violated Police Department policy and was disciplined as a result and evidence that other officers were disciplined after the incident that gave rise to plaintiff's claims are excluded for the purposes of proving culpable conduct, but may be admissible for some other purpose, such as impeachment.  Officer Orr's IA file is excluded as irrelevant.

DATED at Anchorage, Alaska, this 18th day of November, 2019.

/s/ H. Russel Holland
United States District Judge

---

[6] The City argues that the memoranda themselves are inadmissible because they contain hearsay, which they might, but it is not necessarily inadmissible hearsay.

[7] Docket No. 76.