WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


Virginia Archer,                              )
                                              )
                                  Plaintiff,  )
                                              )
        vs.                                   )
                                              )
Officer C. Orr #19441, et al.,                )
                                              )     No. 2:18-cv-2434-HRH
                                  Defendants. )
                                              )
_____)


O R D E R

Defendant's Motion in Limine No. 5[1]

The City of Mesa moves to preclude plaintiff from introducing as evidence uses of

force which the City contends are dissimilar. The only remaining claim in this case is

plaintiff's § 1983 claim against the City based on allegations that the City failed to

adequately supervise and train its officers on the use of force. In order to prevail on this

claim, plaintiff must

> prove "(1) that [she] possessed a constitutional right of which
> [s]he was deprived; (2) that the municipality had a policy; (3)
> that this policy amounts to deliberate indifference to the plain-

_____

[1]Docket No. 77.

tiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). "[I]n order to prove deliberate indifference, it is ordinarily necessary to demonstrate a pattern of similar constitutional violations by untrained employees." Schwartz v. Lassen County ex rel. Lassen County Jail (Detention Facility), 838 F. Supp. 2d 1045, 1058 (E.D. Cal. 2012) (citation omitted).

Because the force at issue in this case involved a takedown, the City argues that evidence of "officer-involved shootings, uses of tasers, and instances were strikes [were] implemented"[2] should be excluded as dissimilar. In particular, the City appears concerned about plaintiff attempting to introduce evidence about an officer-involved shooting in which the officer was later criminally charged.

Neither the City nor plaintiff cite to any authority defining what a "similar constitutional violation" is for purposes of a § 1983 failure to train case.[3] Plaintiff contends that the City is arguing that the circumstances must be identical in order to be "similar" which is contrary to the ordinary meaning of the word "similar." Plaintiff argues that it is sufficient if an incident has "characteristics in common" with the incident that occurred in

_____

[2]Defendant's Motion in Limine No. 5 at 2, Docket No. 77.

[3]The court's independent research also did not turn up any such authority.

this case.[4]  Plaintiff seems to be suggesting this is a broad definition which would allow almost any incident involving force to be considered similar.

While plaintiff is correct that "similar" does not mean "identical", in order to be a "similar constitutional violation," the other incident must involve, at least, the same level of force.  Plainly, plaintiff cannot make out a pattern of similar constitutional violations by relying on evidence involving the use of deadly force.  Rather, to the extent that she attempts to make out a pattern of similar constitutional violations, she must rely on violations that at least involved the same level of force.  Those violations do not, however, have to involve a fact pattern that is identical to the fact pattern in this case.

Defendant's motion in limine No. 5[5] is granted in part.  Plaintiff is precluded from offering into evidence constitutional violations that involved a higher level of force than was used in this case.  However, the court cannot determine, with what is currently before it, whether that would include incidents using tasers or strikes.  Such a determination must be made in the context of plaintiff's proposed incident evidence.

DATED at Anchorage, Alaska, this 18th day of November, 2019.

/s/ H. Russel Holland
United States District Judge

---

[4]Plaintiff's Opposition [etc.] at 1, Docket No. 85.

[5]Docket No. 77.