WO    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Virginia Archer,

      Plaintiff,

vs.

Officer C. Orr #19441, et al.,

      Defendants.

No. 2:18-cv-2434-HRH

O R D E R

Defendant's Motion in Limine No. 6[1]

The City of Mesa moves to exclude evidence as to whether Officer Orr would use a takedown in the future if faced with circumstances similar to those in this case. The City argues that this evidence is irrelevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The only remaining claim in this case is plaintiff's § 1983 claim against the City based on allegations that the City failed to adequately supervise and train its officers on the use of force. In order to prevail on this claim, plaintiff must

---

[1]Docket No. 78.

-1-

> prove "(1) that [she] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). The court has held that "[t]he only possible constitutional violation" in this case "is that Officer Orr may have used excessive force when he took plaintiff to the pavement."[2]

Plaintiff argues that the evidence of what Officer Orr would do in the future is relevant because it is "representative of the Police Department's policies, procedures, protocols, and customs which trained Officer Orr to commit the [alleged] constitutional violation and would drive his future constitutional violations."[3] But what Officer Orr might do in the future has nothing to do with whether the City's use of force policy amounts to deliberate indifference to plaintiff's constitutional rights. It also has nothing to do with how Officer Orr was trained prior to the incident involving plaintiff. In short, this evidence is irrelevant and thus is excluded.[4]

---

[2] Order re Cross-motions for Summary Judgment at 18, Docket No. 66.

[3] Plaintiff's Response [etc.] at 2, Docket No. 86.

[4] Because this evidence is excluded as irrelevant, the court need not consider the City's alternative Rule 403 argument. Had the court considered this argument it would have found this evidence more prejudicial than probative because what Officer Orr would do in the future is entirely speculative and would distract the jury from considering the facts surrounding the incident involving plaintiff.

The City's motion in limine No. 6[5] is granted.

DATED at Anchorage, Alaska, this 18th day of November, 2019.

/s/ H. Russel Holland
United States District Judge

---

[5]Docket No. 78.